**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IMANI BUTLER,

      Plaintiff,

      v.

EXPERIAN INFORMATION SOLUTIONS,
INC.,

      Defendant.

No. 1:25-CV-08211

Judge Edmond E. Chang

**MEMORANDUM OPINION AND ORDER**

Imani Butler sued consumer reporting agency Experian after it reported that she had credit accounts carrying "past due" balances, when in fact the balances had been discharged in a bankruptcy. R. 1, Compl. ¶¶ 1, 7, 62–63.[1] Butler brings this claim under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681e(b), 1681o(a), alleging that Experian failed to follow reasonable procedures to prevent the alleged misstatement.[2] Compl. ¶¶ 1, 84–120. Experian moves to dismiss a particular theory of liability, arguing that it would be unreasonable to require the company to monitor consumer bankruptcies.[3] R. 12, Def.'s Br. at 6–12. For the reasons explained below, the motion is granted, though the dismissal is without prejudice for now (and, in any

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2]This Court has federal-question jurisdiction over this case under 28 U.S.C. § 1331.

[3]Experian does not seek dismissal of Butler's claim as it pertains to the theory that Experian acted unreasonably by failing to update Butler's consumer report with information that a creditor directly shared with Experian. Def.'s Br. at 6 n.2.

event, there is a surviving liability theory that was not targeted by the dismissal motion).

## I. Background

In evaluating the motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam). Experian is a "consumer reporting agency," which means that it compiles consumer credit information to create "consumer reports." Compl. ¶¶ 7, 14. These reports contain, among other things, consumers' credit history, account balances, and matters of public record like bankruptcy filings. *Id.* ¶ 18. To prepare the reports, Experian obtains consumer information through independent research, computerized reporting services, other consumer reporting agencies, and from "furnishers" of credit information. *Id.* ¶ 19.

Congress enacted the Fair Credit Reporting Act to ensure that consumer reporting agencies adopt reasonable procedures to assure maximum possible accuracy in their reports. Compl. ¶¶ 15–16; *see* 15 U.S.C. § 1681(b). Industry guidelines require that agencies delete consumer accounts that are discharged in a bankruptcy. Compl. ¶¶ 35–36. In Chapter 7 bankruptcies, all debts are discharged, subject to statutory exceptions or challenges. *Id.* ¶ 38; 11 U.S.C. § 727. But Butler alleges that Experian regularly reports ongoing credit balances even after discharges in bankruptcy. Compl. ¶¶ 22, 40–41. Butler alleges that Experian's inaccurate reporting negatively affects consumers because many institutions offering financial services rely on consumer reports to make lending decisions. *Id.* ¶¶ 24, 46.

In November 2024, Butler filed for Chapter 7 bankruptcy and later (in April 2025) received an Order of Discharge. Compl. ¶¶ 49–50. Butler's dischargeable debts thus should have carried zero-dollar balances, including two accounts from debt collector Summit A*R. *Id.* ¶¶ 51, 61–62. Experian prepared a consumer report on Butler on July 2, 2025. *Id.* ¶ 53. The report acknowledged Butler's Order of Discharge and reported several of Butler's accounts as "discharged in bankruptcy," but mistakenly reported the Summit accounts as carrying "past due" balances of $983 and $217. *Id.* ¶¶ 54, 56, 63. Butler's credit score decreased, and Butler experienced credit denials as a result. *Id.* ¶ 80.

Butler alleges (on information and belief) that Summit informed Experian that her accounts had been discharged in bankruptcy and now had zero-dollar balances. Compl. ¶ 65.[4] Butler "alternatively" alleges that Experian knew from past experiences that Summit furnishes inaccurate information about discharged debts, and thus Experian should have examined the bankruptcy docket on its own. *Id.* ¶ 66.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the

---

[4]Experian does not challenge, on Rule 12(b)(6) adequacy grounds, the liability theory premised on this particular allegation. Def.'s Br. at 6 n.2. Put another way, the dismissal motion does *not* seek to dismiss the claim that Experian failed to follow reasonable procedures by failing to update Butler's report with information that Summit A*R allegedly (on information and belief) furnished to Experian. *See id.*

3

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[5] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). At the same time, the Supreme Court instructs that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task ...." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Seventh Circuit has drawn a context-dependent distinction between relatively straightforward employment discrimination claims versus more complex claims. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

---

[5]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

### III. Analysis

The Fair Credit Reporting Act requires agencies like Experian to follow reasonable procedures to assure the accuracy of information on a consumer report:

> Whenever a consumer reporting agency prepares a consumer report it shall follow *reasonable procedures* to assure maximum possible accuracy of the *information* concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b) (emphases added). This accuracy directive applies only to "information." *Id.* Experian's first argument is that the only type of "information" that is covered by the accuracy directive is *factual* information, not *legal* information. Def.'s Br. at 7–9. "A threshold requirement for claims under [§ 1681e(b)] is that there must be an inaccuracy in the consumer's credit report." *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 567 (7th Cir. 2021). Under the Fair Credit Reporting Act, "inaccuracy" refers to factual inaccuracies rather than legal inaccuracies. *Id.* Whether an inaccuracy is factual or legal depends on "whether the alleged inaccuracy turns on *applying* law to facts or simply *examining* the facts alone." *Id.* at 568 (emphases in original). On one end of the spectrum is purely factual information, such as the date that a consumer opened an account. *Id.* On the other end is purely legal information, like whether a debt is legally valid or not. *Id.* at 567.

In between those ends, however, is a murkier picture. Indeed, the Seventh Circuit has observed that "[a] clear line has not been drawn between legal and factual inaccuracies" under the Act. *Chuluunbat*, 4 F.4th at 567. That observation is supported by the uncertainty of a clear text-based rationale for relying on "information"

5

and "accuracy"—which are the statutory terms at issue, 15 U.S.C. § 1681e(b)—for sorting data into categories of legal information versus factual information. Instead, the rationale behind removing legal questions from the coverage of Section 1681e(b) seems to invoke the independent and separate requirement that agencies deploy "reasonable procedures," 15 U.S.C. § 1681e(b), to ensure the accuracy of information. For example, in deciding that the assignment of a debt is not "information" for which "accuracy" was demanded by Section 1681e(b), 15 U.S.C. § 1681e(b), *Chuluunbat* invoked the lack of "competency" of a consumer reporting agency to make that type of determination, something presumably only a could court do. 4 F.4th at 568. But a lack of competency would seem to fit more readily as a reason to conclude that no or minimal "reasonable procedures," 15 U.S.C. § 1681e(b), are required to satisfy Section 1681e(b) when it comes to discerning whether a debt has been validly assigned. In any event, given that this case can be decided on another ground (discussed next), there is no need to definitively decide whether a Chapter 7 bankruptcy discharge of a debt is factual information or instead legal information.

Even if a Chapter 7 discharge were to be considered factual information (and it might very well be), it is unreasonable to require Experian (absent a reinvestigation request by Butler) to scour individual bankruptcy dockets to determine whether the Summit debts had been discharged. As explained earlier, Section 1681e(b) instructs consumer reporting agencies to adopt "reasonable procedures to assure maximum possible accuracy" of the information in an individual's consumer report. 15 U.S.C. § 1681e(b). "The [agency's] duty will … depend on the cost of verifying the accuracy

6

of the source versus the possible harm inaccurately reported information may cause the consumer." *Henson v. CSC Credit Servs.*, 29 F.3d 280, 287 (7th Cir. 1994). Section 1681e(b) "does not hold a [consumer] reporting agency responsible where an item of information, received from a source that it reasonably believes is reputable, turns out to be inaccurate unless the agency receives notice of systemic problems with its procedures." *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 971–72 (7th Cir. 2004). The Eighth Circuit also has concluded that Section 1681e(b) does not "require [agencies] to wade into individual bankruptcy dockets to discern whether a debt survived discharge." *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1109 (8th Cir. 2022). In *Rydholm*, the Eighth Circuit held that the complexity of bankruptcy-discharge exceptions would force agencies to "hire individuals with legal training to preemptively determine the validity of reported debts" if consumer reporting agencies were required to examine every discharge order and their related dockets. *Id.*

The Court agrees with *Rydholm* that Section 1681e(b)'s reasonable-procedures requirement does not demand that Experian check individual bankruptcy filings to confirm whether a particular debt was discharged. As the Seventh Circuit has explained in a related context, requiring consumer reporting agencies to review every bankruptcy docket to determine the validity of reported debts is too much to ask. *Childress v. Experian Info. Sols., Inc.*, 790 F.3d 745, 747 (7th Cir. 2015). *Childress* observed that the variance in bankruptcy docket entries among the 94 bankruptcy courts is so great that it is too difficult to develop technology that can easily determine the basis on which each case is dismissed. *Id.* The Seventh Circuit also held that

7

requiring agency employees with little legal training to review every bankruptcy dismissal and determine why it was dismissed places an "enormous burden" on agencies and goes beyond what Section 1681e(b) requires. *Id.*

Butler does not explain how scouring a discharge order is any easier than reviewing the dismissal of a bankruptcy petition. *See generally* Compl.; R. 18, Pl.'s Resp. Instead, Butler contends that "[she] does not ask Experian to scour bankruptcy dockets, but only to apply the discharge information it already possesses and uses elsewhere in a consistent manner." Pl.'s Resp. at 12. She argues that "Experian received notice of [this discharge information] through official court docket repositories such as PACER." *Id.* at 2. But Butler does not allege that Experian received specific information about the particular *Summit* accounts, so there is no fact on which to draw the inference that Experian had all the information it needed to avoid the inaccuracy.[6] *Contra* Compl. ¶ 54. If Butler's position were to prevail, then in effect the Court would be imposing a duty on Experian to examine bankruptcy dockets for potential exceptions to discharges in Chapter 7. *See Rydholm*, 44 F.4th at 1109 (holding that, given the complexity of exceptions, a general discharge order is insufficient notice of inaccuracy for agencies absent specific notice). Section 1681e(b) does not require that type of burdensome verification.

---

[6]Indeed, here the discharge order did not list Summit A*R as a recipient that was submitted to the Bankruptcy Noticing Center. R. 29-1, Notice Recipients at 1, *In re Butler*, Case No. 1:24-bk-16719 (Bankr. N.D. Ill. Apr. 1, 2025).

For now, the dismissal of this theory of liability is without prejudice because Butler has not yet had a chance to amend the complaint. Also, it is conceivable that Butler could allege (if she has a good-faith basis for doing so) more concrete facts on the failure rate of Summit in reporting Chapter 7 bankruptcy discharges to Experian. Right now, the complaint has only the most general possible allegation on that point. Compl. ¶ 66; *see Twombly*, 550 U.S. at 555 (holding that allegations "must be enough to raise a right to relief above the speculative level"). Of course, if Butler does not have a reasonable basis to make more concrete allegations on this point, then she must not do so. Fed. R. Civ. P. 11(b)(3).

## IV. Conclusion

Experian's partial motion to dismiss, R. 12, is granted, though without prejudice for now. The amended complaint, if any, is due on May 12, 2026. If no amended complaint is filed, then the dismissal of the claim will automatically convert to a dismissal with prejudice.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: April 28, 2026

9